IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Dwight F. Sullivan, ) | |
| ) | Civil Action No. 8:13-0876-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Leroy Cartledge, Warden, McCormick ) | |
| & Perry Correctional Institutions, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, proceeding pro se, is a state prisoner seeking relief under 28 U.S.C. § 2254. The respondent has answered the petition and moved for summary judgment in his favor. (*See* ECF Nos. 16, 17). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. This case is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending the court grant the respondent's motion for summary judgment on all grounds. (ECF No. 32). The petitioner has filed objections to the Report. (ECF No. 37). Accordingly, this matter is now ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

The court has conducted the requisite de novo review of the record and, while the petitioner's objections are lengthy and detailed, they merely restate factual allegations and legal conclusions raised in the original petition and fully addressed in briefing and in the Report. In addition, the court finds that the Report's analysis is thorough and accurate and, therefore, adopts the Report and incorporates it herein in its entirety. Therefore, the respondent's motion for summary judgment (ECF No. 17) is GRANTED and the petition is DENIED.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

March 13, 2014
Anderson, South Carolina